IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TABARI JERMANE WOODS, #K8792**                                                          **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 4:07-cv-119-DPJ-JCS**

**MERRRIAN CARMICHAEL**                                                                    **DEFENDANT**

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendant is Merrian Carmichael[1].

Background

Plaintiff states that on December 26, 2006, while returning from the dining hall, Officer Moffite requested that he give her his orange that he had taken with him. Plaintiff threw the orange to Officer Moffite through a window and hit her in the face. As a result, Plaintiff was found guilty of a rule violation report (RVR) for assault on an officer. The punishment imposed for this finding of guilt was loss of privileges for thirty days and Plaintiff's custody level was reduced[2]. Plaintiff filed a grievance with the Administrative

---

[1] In his response [7] to this Court's order [5], Plaintiff informed this Court that the Defendant's full name is Merrian Carmichael.

[2] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate. *Mississippi Department of Corrections Inmate Handbook* (Rev.1999), Chapter I, pg. 4-5.

Remedy Program (ARP) challenging this finding of guilt[3]. Plaintiff claims that he filed his second step form and to date, has not been provided a response.[4] As relief, Plaintiff requests that this Court order the RVR expunged from his records. However, Plaintiff also states that he is not challenging the RVR in this suit, but he is claiming that Defendant Carmichael's unprofessional conduct violated his due process rights.

<u>Analysis</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, this case will be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

---

[3]The Administrative Remedy Program within the Mississippi Department of Corrections (MDOC) is a three-step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. Inmates receive a step one response from the appropriate official, which they may appeal to the Superintendent or Warden of the institution, who will issue a step two response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a step three response is issued. At this time, the Administrator of the program will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies. No more than ninety days from initiation to completion of the process shall elapse, unless an extension has been granted. *Mississippi Department of Corrections Inmate Handbook* (Rev.1999), Chapter VII, pg. 39-42.

[4]Plaintiff asserts in his complaint that when Defendant Carmichael came to return the response to his ARP he was masturbating. Plaintiff alleges that as a result, Defendant Carmichael refused to provide him with his second-step response form.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an "atypical and significant hardship" of prison life. The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30-day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995) (a prison inmate does not have a protectable liberty interest in his custodial classification). As such, the Court finds that Plaintiff has failed to state a viable Due Process claim.

Furthermore, as to Plaintiff's assertion that Defendant Carmichael failed to follow department policy and procedure in her alleged unprofessional conduct, Plaintiff is not entitled to relief. The law is clear "that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

A state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of prison disciplinary actions. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Under the allegations of this complaint, it is clear that a judgment by this Court in favor of Plaintiff would "necessarily imply" the invalidity of his RVR and resulting punishment. Therefore, in order for Plaintiff to maintain this action, he must demonstrate that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck*, 512 U.S. at 487). There are no allegations nor attachments to Plaintiff's complaint that demonstrate that the disciplinary action has been invalidated. Thus, Plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has not yet accrued. *See Heck*, 512 U.S. at 489-90. Consequently, the Court cannot provide the relief he has requested.

## Conclusion

For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Plaintiff's complaint should be dismissed with prejudice as frivolous and for failure to state a

claim on which relief may be granted. 28 U.S.C. § 1915 (e) (2) (B) (i)- (ii). A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

### Three-strikes provision

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e) (2) (B) (i) - (ii), it will be counted as a "strike."[5] If the Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2007.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE

---

[5] Title 28 Section 1915(g) states:

[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.